STATE ex rel. OKLAHOMA BAR ASSOCIATION v. JONES
2025 OK 1
Case Number: 7819
Decided: 01/13/2025
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2025 OK 1, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
LOGAN MICHAEL JONES, Respondent.

ORDER APPROVING RESIGNATION 
PENDING DISCIPLINARY PROCEEDINGS

¶1 Before this Court is (1) the affidavit of Respondent Logan Michael Jones filed pursuant to Rule 8.1 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2021, ch. 1, app. 1-A, requesting that this Court allow him to resign his membership in the Oklahoma Bar Association (OBA) and relinquish his right to practice law, and (2) the OBA's Application for Order Approving Resignation Pending Disciplinary Proceedings.

Decision of the Court

¶2 On April 21, 2011, the OBA admitted Jones to membership. On December 11, 2024, Jones filed with this Court his affidavit of resignation pending disciplinary proceedings.

¶3 Jones's affidavit of resignation reflects that (a) he freely and voluntarily renders his resignation, (b) he was not subject to coercion or duress, and (c) he is fully aware of the consequences of submitting his resignation.

¶4 Jones is aware the OBA opened an investigation into a grievance filed against him in the following matter:

DC-22-82: A grievance regarding eleven felony charges brought against Jones, including Count 1: Conspiracy to Defraud the State; Counts 2-7: Offering False or Forged Instrument for Record; Counts 8-10: Manufacturing CDS, To Wit: Marijuana; and Court 11: Pattern of Criminal Offenses. On December 2, 2024, Jones entered a plea of no contest to Counts 1 through 7 and received a 10-year deferred sentence. Counts 8 through 11 were dismissed. See State of Oklahoma v. Jones, Logan Michael, CF-2022-00137, in the District Court of Garvin County, Oklahoma.

¶5 Jones is aware that these allegations, if proven, would constitute at a minimum a violation of Rules 8.4(a), 8.4(b), 8.4(c), and 8.4(d) of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.2021, ch. 1, app. 3-A, and Rule 1.3 of the RGDP, as well as his oath as an attorney.

¶6 Jones's affidavit of resignation further states:

a. Jones is aware that the OBA has the burden of proving the allegations against him, but he waives any and all rights to contest the allegations.

b. He is aware that approval of his resignation is discretionary with this Court.

c. He is familiar with and agrees to comply with Rule 9.1 of the RGDP within twenty (20) days following the date of his resignation, to comply with Rule 11 of the RGDP as a prerequisite to reinstatement, and to make no application for reinstatement prior to the expiration of five (5) years from the effective date of his resignation.

d. He acknowledges that the Client Security Fund may receive claims from his former clients and agrees to reimburse the fund for the principal amounts and statutory interest for claims that it approves and pays as a prerequisite to his reinstatement to the practice of law.

e. He acknowledges and agrees to cooperate with the Office of General Counsel in the task of identifying any active client cases wherein documents and files need to be returned or forwarded to new counsel and to cooperate in any client cases where Jones owes fees or refunds.

f. He acknowledges that the OBA has not incurred any costs in the investigation of this matter.

g. He will tender his OBA membership card to the Office of the General Counsel.

¶7 We determine the effective date of Jones's resignation to be January 13, 2025.

¶8 This Court finds Jones's resignation pending disciplinary proceedings is in compliance with all the requirements outlined in Rule 8.1 of the RGDP and is accepted.

¶9 Jones's OBA number is 30391, and his official roster address, as shown by OBA records, is 3808 East 51st Street, Tulsa, Oklahoma 74315.

¶10 IT IS THEREFORE ORDERED that the OBA's Application for Order Approving Resignation Pending Disciplinary Proceedings is approved.

¶11 IT IS FURTHER ORDERED that Jones's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the OBA prior to the expiration of five (5) years from the effective date of his resignation. See RGDP Rules 8.2 and 11.1.

¶12 IT IS FURTHER ORDERED that Jones comply with Rule 9.1 of the RGDP, return all client files, and refund unearned fees.

¶13 IT IS FURTHER ORDERED that as a condition of reinstatement, Jones shall reimburse the Client Security Fund for any monies expended because of his malfeasance or nonfeasance. See RGDP Rule 11.1(b).

¶14 IT IS FURTHER ORDERED that the OBA has not sought reimbursement of costs associated with the investigation of this matter, and therefore, no reimbursement is ordered.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 13th day of January, 2025.

/S/CHIEF JUSTICE

CONCUR: ROWE, C.J., KUEHN, V.C.J., WINCHESTER, EDMONDSON, COMBS (BY SEPARATE WRITING), GURICH, DARBY, AND KANE, J.J.

 

 

 

COMBS, J., concurring specially:

¶1 I concur in the approval of Respondent's resignation pending disciplinary proceedings pursuant to Rule 8.2 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2021, ch. 1, app. 1-A. I write separately to express my surprise at the Bar Association's decision not to file a Rule 6 disciplinary proceeding against Respondent so that it could seek an emergency interim suspension of Respondent's license to practice law pursuant to Rule 6.2A of the RGDP, 5 O.S.2021, ch. 1, app. 1-A.22-82, meaning it was filed in 2022) that the Bar Association sat on this matter for two years, essentially giving Respondent the opportunity to continue practicing law for those two years despite his indictment by a multicounty grand jury for crimes demonstrating dishonesty and unfitness to practice law (i.e., six felony counts of offering false or forged instruments for recordation in violation of 21 O.S.2021, § 463State ex rel. OBA v. Abdoveis, 2024 OK 55551 P.3d 320

¶2 I also have grave concerns regarding the status of any disciplinary action against Respondent's co-defendant, Eric Brandon Brown, who is also an attorney licensed to practice law in Oklahoma. At the same time Respondent was indicted, Mr. Brown was indicted for the very same crimes. At this point, it appears his criminal case has already concluded and been expunged.

FOOTNOTES

see Plea of Nolo Contendere 1, State v. Jones, No. CF-2022-0137 (Garvin Cty. Dist. Ct. filed Dec. 2, 2024). The Bar Association initiated this matter on December 11, 2024, as a Rule 8 disciplinary proceeding when it filed its Application for Order Approving Resignation Pending Disciplinary Proceedings. The matter was presumably handled this way because the State made the "surrender [of Respondent's] law license by 12/9/24" a condition of his plea agreement. See id. at 5. It is unclear whether that aspect of the plea agreement was included at the behest of the Bar Association or not. Regardless, the prosecutorial authorities in the criminal case do not have the prerogative to dictate what happens to a convicted attorney's license to practice law. That power lies in this Court. "The maintenance of strict integrity among the members of our bar is one of this Court's constitutional, non-delegable duties," State ex rel. OBA v. Gassaway, 2008 OK 60196 P.3d 495State ex rel. OBA v. Colston, 1989 OK 74777 P.2d 920

such as offenses involving fraud . . . . Although a lawyer is personally answerable to the entire criminal law, a lawyer should be professionally answerable only for offenses that indicate lack of those characteristics relevant to law practice. Offenses involving violence, dishonesty, breach of trust, or serious interference with the administration of justice are in that category. A pattern of repeated offenses, even ones of minor significance when considered separately, can indicate indifference to legal obligation." OPRC 8.4 cmt. 2, 5 O.S.2021, ch. 1, app. 3-A (emphasis added). Here, the offenses set forth in Respondent's indictment involve fraud and dishonesty and demonstrate a repeated pattern that indicates Respondent's indifference to legal obligation.

See, e.g., Def.'s Answer & Affirmative Defenses to Pl.'s Compl. 3, Citibank, N.A. v. Rosser, No. CJ-2024-0081 (Custer Cty. Dist. Ct. filed Sept. 27, 2024) (the appearance docket for this matter reveals Respondent advised the judge on December 2, 2024--the same day Respondent entered the nolo contendere plea in his criminal case!--that this matter had settled); Def.'s Answer & Affirmative Defenses to Pl.'s Compl. 3, Tinker Fed. Credit Union v. Johns, No. CJ-2024-0278 (Comanche Cty. Dist. Ct. filed Aug. 26, 2024) (the appearance docket for this matter reveals the parties submitted an agreed journal entry resolving this case in September of 2024); Def.'s Answer & Affirmative Defenses to Pl.'s Compl. 4, Am. Express Nat'l Bank v. Shipley, No. CS-2024-1105 (Canadian Cty. Dist. Ct. filed Aug. 29, 2024).

State v. Jones, No. CF-2022-0137 (Garvin Cty. Dist. Ct. filed June 16, 2022), and State v. Jones, No. CF-2022-0138 (Garvin Cty. Dist. Ct. filed June 16, 2022). Case Nos. CF-2022-0139 and CF-2022-0140, which would have been filed the same day in Garvin County District Court, seem to have been expunged because they no longer exist. Those case numbers presumably concerned Mr. Brown.

including one appearance in the same county where his criminal case presumably was pending. See Pet. 3, Puente-Martinez v. Rivera, No. CJ-2024-4050 (Tulsa Cty. Dist. Ct. filed Oct. 25, 2024); Pet. for Personal Injury 3, Watkins v. Estate of Bean, No. CJ-2024-0220 (Bryan Cty. Dist. Ct. filed Oct. 15, 2024); Pet. for Letters of Admin., Appointment of Personal Rep. & for Determination of Heirs at Law 2, In re Estate of Walton, No. PB-2024-0023 (Coal Cty. Dist. Ct. filed Sept. 3, 2024); Pet. 2, Shannon v. Johnson, No. CJ-2024-3694 (Okla. Cty. Dist. Ct. filed June 6, 2024); Pet. for Interpleader 2, Juarez Reyes v. Stillwater Med. Ctr. Auth., No. CJ-2024-0278 (Payne Cty. Dist. Ct. filed May 15, 2024); Pet. 3, Jones v. Wooley, No. CJ-2024-0213 (Comanche Cty. Dist. Ct. filed Apr. 26, 2024); Pet. 3, Bowen v. Dillahunty, No. CJ-2024-0002 (Greer Cty. Dist. Ct. filed Mar. 20, 2024); Pet. for Letters of Admin., Appointment of Personal Rep. & for Determination of Heirs at Law 3, In re Estate of Tate, No. PB-2023-0150 (Carter Cty. Dist. Ct. filed Nov. 17, 2023); Pet. 3, Garcia v. Kauffman, No. CJ-2023-3402 (Tulsa Cty. Dist. Ct. filed Sept. 22, 2023); Pet. for Ct. Restricted Minor Account 2, Machado Moreno ex rel. D.Y.E.M. v. Old Am. Indem. Co., No. CS-2023-5028 (Tulsa Cty. Dist. Ct. filed Sept. 21, 2023); Pet. for Personal Injury & Wrongful Death 3, Gonzalez-Lopez v. Britton, No. CJ-2023-3365 (Tulsa Cty. Dist. Ct. filed Sept. 21, 2023); Pet. for Personal Injury 3, Weary v. Tinnin, No. CJ-2023-5352 (Okla. Cty. Dist. Ct. filed Sept. 18, 2023); Pet. 2, Verde Posas ex rel. J.M. v. Kurin, No. CJ-2023-3197 (Tulsa Cty. Dist. Ct. filed Sept. 7, 2023); Pet. for Interpleader 2, Gil v. EMSA, No. CJ-2023-3188 (Tulsa Cty. Dist. Ct. filed Sept. 6, 2023); Pet. 2, Camacho Viruete ex rel. J.C.C. v. Rogers, No. CJ-2023-3186 (Tulsa Cty. Dist. Ct. filed Sept. 6, 2023); Pet. for Personal Injury 3, Radford v. Woodcrest Tavern, No. CJ-2023-0145 (Logan Cty. Dist. Ct. filed July 11, 2023); Pet. for Personal Injury 3, Mamah v. Skonezny, No. CJ-2023-2361 (Tulsa Cty. Dist. Ct. filed July 10, 2023); Pet. for Personal Injury 3, Lovings v. Ashley, No. CJ-2023-3546 (Okla. Cty. Dist. Ct. filed June 27, 2023); Pet. for Letters of Admin., Appointment of Personal Rep. & for Determination of Heirs at Law 2--3, In re Estate of Brockman, No. PB-2023-0068 (Creek Cty. Dist. Ct. filed June 19, 2023); Pet. 3, Bradford v. Brierton, No. CJ-2023-2762 (Okla. Cty. Dist. Ct. filed May 15, 2023); Pet. for Personal Injury 3, Anderson v. Aguilar Regalado, No. CJ-2023-2769 (Okla. Cty. Dist. Ct. filed May 15, 2023); Pet. 3, Clemons v. Hernandez, No. CJ-2023-0304 (Canadian Cty. Dist. Ct. filed May 1, 2023); Pet. for Letters of Admin., Appointment of Personal Rep. & for Determination of Heirs at Law 3, In re Estate of Moore, No. PB-2023-0043 (Garvin Cty. Dist. Ct. filed Apr. 3, 2023); Pet. for Personal Injury 3, Martinez v. Troutt, No. CJ-2023-1143 (Tulsa Cty. Dist. Ct. filed Mar. 31, 2023); Pet. for Personal Injury 3, Farrell v. Merz, No. CJ-2023-1359 (Okla. Cty. Dist. Ct. filed Mar. 13, 2023); Pet. 3, Stinchcomb v. Rotramel, No. CJ-2023-0811 (Tulsa Cty. Dist. Ct. filed Mar. 9, 2023); Pet. 3, Wamego v. Steed, No. CJ-2023-0675 (Tulsa Cty. Dist. Ct. filed Feb. 27, 2023); Pet. 3, Karloh v. Hopper, No. CJ-2023-0421 (Tulsa Cty. Dist. Ct. filed Feb. 3, 2023); Pet. 3, Wilkerson v. Morrison, No. CJ-2022-3634 (Tulsa Cty. Dist. Ct. filed Nov. 30, 2022); Pet. 3, Hayes v. Ivy, No. CJ-2022-3612 (Tulsa Cty. Dist. Ct. filed Nov. 29, 2022); Entry of Appearance 1, State Farm Mut. Auto. Ins. Co. v. Moffett, No. CV-2022-0157 (Delaware Cty. Dist. Ct. filed Nov. 8, 2022); Pet. 3, Carroll v. Wigginton, No. CJ-2022-0405 (Rogers Cty. Dist. Ct. filed Nov. 4, 2022); Pet. 3, Rhodes v. Huddleston, No. CJ-2022-5414 (Okla. Cty. Dist. Ct. filed Nov. 3, 2022); Pet. for Letters of Admin., Appointment of Personal Rep. & for Determination of Heirs at Law 3, In re Estate of Barrett, No. PB-2022-1106 (Tulsa Cty. Dist. Ct. filed Oct. 20, 2022); Final Accounting & Req. for Discharge as Personal Rep. 3, In re Estate of Lemay, No. PB-2020-0021 (Okfuskee Cty. Dist. Ct. filed Oct. 12, 2022); Pet. 3, Salinas-Chavez v. Cole, No. CJ-2022-2777 (Tulsa Cty. Dist. Ct. filed Sept. 8, 2022); Pet. for Personal Injury 3, Jennings v. Rodriguez-Torres, No. CJ-2022-0085 (Ottawa Cty. Dist. Ct. filed July 28, 2022); Pet. 3, Olvera-Patlan v. Chard, No. CJ-2022-3560 (Okla. Cty. Dist. Ct. filed July 26, 2022).